UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV16-00283 JAK (JEMx)<br>LA CV16-00235 JAK (JEMx) | Date | December 19, 2016 |
| Title | Marylou Gilsleider et al v. EOS Products, LLC.<br>Rachael Cronin v. EOS Products, LLC | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Brian D. Chase<br>Janine Pollack<br>Lori Feldman<br>Benjamin J. Meiselas<br>Mark J. Geragos | Shon Morgan |

**Proceedings:** **Case SA CV16-00283 JAK (JEMx):**
**PLAINTIFFS' MOTION FOR PRELMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT (DKT. 47, 48)**

**PLAINTIFFS' MOTION FOR CONSOLIDATION (DKT. 34)**

**SCHEDULING CONFERENCE**

**Case LA CV16-00235 JAK (JEMx):**
**PLAINTIFFS' MOTION FOR PRELMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT (DKT. 29)**

**PLAINTIFFS' MOTION FOR CONSOLIDATION (DKT. 11)**

**SCHEDULING CONFERENCE**

The motion hearing is held. The Court states its tentative views that it is inclined to defer ruling on Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement (the "Motion") and grant Plaintiffs' Motion for Consolidation (the "Consolidation Motion"). Counsel address the Court and the issues that are raised as to these matters. Because additional information will be needed before the Court can address either of these matters, and consistent with the discussion at the hearing, Counsel shall meet and confer and on or before January 17, 2017, submit a joint report, which includes supplemental briefing on the following issues: 1) the process and language that will be used with respect to the disclosure to putative class members of issues that could arise should a health insurer assert a claim as to a settlement amount to be paid to a class member who received medical treatment for which an insurer made a payment; 2) whether the evidence to date from putative class members or other sources supports

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV16-00283 JAK (JEMx)<br>LA CV16-00235 JAK (JEMx) | Date | December 19, 2016 |
| Title | Marylou Gilsleider et al v. EOS Products, LLC.<br>Rachael Cronin v. EOS Products, LLC | | |

the reasonableness of the $4000 cap on arbitration awards to those who claim medical harm; 3) greater details as to the notice to putative class members through the use of social media, why this form of notice is likely to be effective; 4) more specifics as to the role of Judge Lichtman, if any, in facilitating the parties' agreement to the particular, final elements of the settlement agreement; 5) greater details as to estimated dollar value of the proposed injunctive relief; 6) greater details as to the role of each of the class representatives and why the same $5000 payment is appropriate given the range of hours worked by those individuals. Counsel shall also submit a supplemental excel spreadsheet that has the consolidated fees and costs for all attorneys organized by task. Further, consistent with the discussion at the hearing, counsel shall confer and file a stipulation and proposed order with respect to the timing of the propose consolidation of the two actions pending before this Court.

In addition, after the conclusion of the hearing, the Court determined that the supplemental briefing shall also address the following four issues, which are numbered consecutively to those previously discussed: 7) why the notice plan does not include traditional advertising, including in media in which Defendant advertises, or disclosures or links on Defendant's website; 8) how class members who elect to pursue the arbitration remedy will be able to establish causation given that discovery is not available as part of the arbitration process; 9) because a final decision on any award of attorney's fees would be made in connection with any final approval of the settlement, whether an assessment of that issue should be deferred until data is available as to the number of each category of claims that have been made by putative class members; and 10) the status of the related proceedings in other Districts, including that those courts have been advised of the settlement process and the anticipated transfer of those actions to this District as part of that process.

The Court will take the Motion and Consolidation Motion under submission following the filing of the aforementioned briefing. If the Motion is approved, the date for the hearing on the motion for final approval of the class action settlement will be set in the final ruling on the Motion and Consolidation Motion.

**IT IS SO ORDERED.**

| | : | 28 |
|---|---|---|
| Initials of Preparer | ak | |